IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

DONNA M. WARD,

    Plaintiff,

v.      Case No.: GJH-15-817

U.S. DEPARTMENT OF COMMERCE, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, Donna M. Ward, acting pro se, has moved for an extension of time to oppose the Motion to Dismiss filed by Defendant, United States Department of Commerce, ECF No. 17, and for leave to file an Amended Complaint. *See* ECF No. 18.

With respect to her request for extension of time, Plaintiff contends that she needs additional time to "comb" the record compiled by the Merit Systems Protection Board. *Id.* The Court will grant this request. And, although Plaintiff failed to take advantage of her opportunity to file an Amended Complaint within twenty-one days of Defendant's Motion to Dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B), the Court will grant leave to allow her to do so. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely grant leave when justice so requires.").

Plaintiff's Motion raises other issues that the Court must address, however. First, in her Motion, Plaintiff references a "ghostwriter," noting that "a sibling—not an attorney" is assisting her with researching and writing her response in opposition to Defendant's Motion to Dismiss.

Under Md. Code, Business Occupations & Professions § 10-601(a), "[e]xcept as otherwise provided by law, a person may not practice, attempt to practice, or offer to practice law in the State [of Maryland] unless admitted to the Bar." And the practice of law includes "preparing or helping in the preparation of any form or document that is filed in a court or affects a case that is or may be filed in a court . . . ." Md. Code, Business Occupations & Professions § 10-101(h)(2)(iii). Papers or documents submitted to the Court by an unauthorized practitioner will accordingly be stricken. *See Turkey Point Prop. Owners' Ass'n, Inc. v. Anderson*, 666 A.2d 904, 909 (1995). Plaintiff is therefore forewarned that any filing prepared on her behalf by another individual must be filed in accordance with the applicable rules of professional conduct. Plaintiff is, however, free to represent herself. *See* Local Rule 101.1(a) ("Individuals who are parties in civil cases may . . . represent themselves. Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure.").

Next, Plaintiff's Motion also poses a series of procedural questions, which the Court construes as a request for the appointment of counsel. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The Complaint concerns Plaintiff's claim that her removal from federal employment was based upon retaliation for engaging in protected EEO activity. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that she has

---

[1] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

demonstrated the wherewithal to either articulate the legal and factual basis of her claims herself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1).

Finally, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8(a) (D. Md.), if a party demanding affirmative relief has not effected service of process within 120 days of filing the Complaint, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, her claims shall be dismissed without prejudice. Plaintiff's Complaint was filed on March 20, 2015. Service has not been effected on Defendants Steven Taylor, Claudette Bennett, and William Savino. *See* ECF Nos. 6, 7, & 8. Plaintiff is forewarned that failure to show cause for why service of process has not been effective will result in these Defendants dismissal from this action.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff is **GRANTED** fourteen (14) days from the date of this Order to file a response in opposition to Defendant's Motion to Dismiss, ECF No. 17;

2. Plaintiff is **GRANTED** fourteen (14) days from the date of this Order to file an Amended Complaint;

3. Plaintiff's request for appointment of counsel is **DENIED** without prejudice;

4. Plaintiff is **GRANTED** twenty-eight (28) days from the date of this Order to show cause why service of process has not be effected as to Defendants Taylor, Bennett, and Savino;

5. Plaintiff is **FOREWARNED** that failure to show cause will result in Defendants Taylor, Bennett, and Savino being dismissed from this case without further notice; and

6. Plaintiff is **FOREWARNED** that any filings prepared on her behalf by another individual must comport with the applicable rules of professional conduct.

Dated: November 11, 2015

_____
GEORGE J. HAZEL
United States District Judge