FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND
FOR THE DISTRICT OF MARYLAND

*Southern Division*        2016 AUG -2  P 1: 20

| | | |
|---|---|---|
| | * | CLERK'S OFFICE |
| | | AT GREENBELT |
| **DONNA M. WARD,** | * | BY_____DEPUTY |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: GJH-15-817** |
| **U.S. DEPARTMENT OF COMMERCE,** | * | |
| *et al.,* | * | |
| **Defendants.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Donna M. Ward, proceeding pro se, initiated this action against Defendants, the

United States Department of Commerce (the "Department"); Stephen Taylor and Claudette

Bennett, in their official and personal capacities; and William Savino, in his official capacity (the

"Individual Defendants"), pursuant to the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1201

*et seq.*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and "Maryland common law." *See* ECF

No. 20 ¶¶ 47–67. Plaintiff challenges her removal from federal service after having exhausted

certain claims through the Merit Systems Protection Board ("MSPB"). *See* ECF No. 20.

Following the Department's Motion to Dismiss, ECF No. 17, Plaintiff filed a First Amended

Complaint, ECF No. 20. Defendants now move to dismiss Plaintiff's First Amended Complaint,

or, in the alternative, seek summary judgment in their favor. ECF Nos. 25 & 44.

As is discussed in further detail in the Department's Motion to Dismiss, or, in the Alternative, for Summary Judgment, ECF No. 25 at 16–17,[1] Plaintiff's non-discrimination claims are reviewed under an "arbitrary and capricious" standard. *See Rupert v. Geren*, 605 F. Supp. 2d 705, 713 (D. Md. 2009); *see also* 5 U.S.C. § 7703(c) (requiring that the court set aside any agency action that is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence"). The Administrative Record in this case indicates that Plaintiff was repeatedly paid for working full eight-hour shifts, despite badge-swipe data from the building in which she worked showing that Plaintiff arrived late or left early on numerous occasions, without having sought leave. *See* Admin. R. ("AR") 000418–551, 000677–691. Thus, Plaintiff has failed to satisfy her burden of demonstrating that the MSPB's decision sustaining her removal was arbitrary or capricious, procedurally improper, or lacked substantial evidence. *See Twyman v. Berry*, 447 F. App'x 482, 484 (4th Cir. 2011) (citing *Harris v. Dep't of Vet. Aff.*, 142 F.3d 1463, 1467 (Fed.Cir.1998)) (noting that plaintiffs "bear the burden . . . of establishing error" in MSPB decision).

With respect to Plaintiff's claims of discrimination under the Rehabilitation Act, the Court must review those claims *de novo*.[2] *See Rupert*, 605 F. Supp. 2d at 713 (citing 5 U.S.C. § 7703(c)); *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). Although Plaintiff alleges that she was retaliated against for engaging in protected activity under the Rehabilitation Act, *see* ECF No. 20 ¶¶ 53–53, Plaintiff has failed to establish a genuine issue of

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] In her Complaint, Plaintiff also cites to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*, in support of her claim of disability discrimination, *see* ECF No. 20 ¶ 49, but the Rehabilitation Act "provides the exclusive judicial remedy for claims based upon a federal employee's disability." *Frazier v. Donahoe*, No. PWG-14-3974, 2016 WL 1045853, at *5 (D. Md. Mar. 15, 2016) (citations and internal quotation marks omitted).

material fact with respect to this claim. Even assuming Plaintiff could demonstrate a *prima facie*
case of retaliation—despite the fact that she received a notice of proposed removal one week
*before* she complained of discrimination, *see* AR000678; ECF No. 20 ¶ 6—she has not pointed
to any evidence that would create a genuine dispute with respect to whether the stated reasons for
her termination were mere pretext for retaliation. *See Bryant v. Aiken Reg'l Med. Centers Inc.*,
333 F.3d 536, 543 (4th Cir. 2003) (citation and internal quotation marks omitted) (noting that a
*prima facie* case of retaliation requires proof that "(1) [the plaintiff] engaged in protected
activity, (2) [s]he suffered an adverse employment action at the hands of [her employer]; and (3)
[the employer] took the adverse action because of the protected activity"); *Hoyle v. Freightliner*,
LLC, 650 F.3d 321, 337 (4th Cir. 2011) (citation and internal quotation marks omitted) ("[T]he
plaintiff bears the burden of establishing that the employer's proffered explanation [for the
adverse action] is pretext."). To the extent Plaintiff seeks to raise discrimination claims in
addition to her claim of retaliation, such claims are subject to dismissal because Plaintiff failed to
exhaust her administrative remedies by withdrawing those claims before the MSPB. *See*
AR000053; *Khoury v. Meserve*, 268 F. Supp. 2d 600, 611 (D. Md. 2003), *aff'd*, 85 F. App'x 960
(4th Cir. 2004) ("[A] complainant who withdraws certain claims in an appeal to the MSPB
before a final decision on the merits . . . fails to exhaust administrative remedies with respect to
those particular claims.").

Plaintiff's common law tort claims also must be dismissed because they are precluded by
the CSRA, which provides the exclusive remedy for federal employees seeking to challenge
adverse employment actions taken against them. *See Nguyen v. U.S. Dep't of Def.*, 39 F.3d 1178
(4th Cir. 1994) (citing *Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir.1990); *Rollins v.
Marsh*, 937 F.2d 134, 139 (5th Cir.1991)) (internal quotation marks omitted) ("The [CSRA]

provides the exclusive procedure for challenging federal personnel decisions. A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of [a Federal Tort Claims Act] action.).[3]

Additionally, Plaintiff's Motion for Entry of Default against the Individual Defendants, ECF No. 37, must be denied. The docket reflects that at least some of the Individual Defendants were served on February 2, 2016, *see* ECF Nos. 32 & 33, but Plaintiff filed her Motion for Entry of Default on March 7, 2016, mistakenly believing that the Individual Defendants were required to respond to Plaintiff's Complaint within 21 days. Pursuant to Rules 12(a)(2) & (3) of the Federal Rules of Civil Procedure, however, employees of a United States agency—when sued in their official capacities, or when sued in their individual capacities for actions taken in connection with duties performed on behalf of the United States—have 60 days to respond to a complaint. The Individual Defendants timely responded to Plaintiff's Complaint, *see* ECF Nos. 42 & 44, and, accordingly, entry of default would be inappropriate.

Finally, although Plaintiff filed a Motion for Leave to file a Second Amended Complaint, ECF No. 51, and a Motion for Leave to File a Substitute Second Amended Complaint, ECF No. 53, leave to amend a pleading should be denied where amendment would be futile. *See Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014). The allegations added in Plaintiff's Proposed Second Amended Complaint do not substantively differ from those previously alleged, and, accordingly, would not save Plaintiff's claims from dismissal. *See Black & Decker, Inc. v. Greenfield Indus., Inc.*, No. CIV. A. HAR 90-3272, 1991 WL 239121, at *1 (D. Md. Nov. 4, 1991) ("An amendment is considered futile if it could not survive a motion to dismiss or a motion for summary judgment.").

---

[3] Plaintiff's claims against the Individual Defendants are subject to dismissal for the additional reason that the only proper party in a case arising under the CSRA is "the agency responsible for taking the personnel action," 5 U.S.C. § 7703(a)(2), and, with respect to her claims arising under the Rehabilitation Act, "the head of the agency is the only appropriate defendant." *Love v. Potter*, No. CIV. 1:03CV00746, 2006 WL 519684, at *3 (M.D.N.C. Mar. 1, 2006), *aff'd*, 204 F. App'x 295 (4th Cir. 2006).

Thus, Plaintiff's Motions, ECF Nos. 37, 51 & 53, are **DENIED**. Defendants' Motions, ECF Nos. 25 & 44, are **GRANTED**, and this action is **DISMISSED** with prejudice. A separate Order follows.

Dated: _August      2  , 2016_

_____
GEORGE J. HAZEL
United States District Judge