IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
T OF MARYLAND

2011 JAN -4  A  9: 58

CLERK'S OFFICE
AT GREENBELT

| | | |
|---|---|---|
| **DONNA M. WARD,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Case No.: GJH-15-817** |
| | * | |
| **U.S. DEPARTMENT OF COMMERCE** *et al.,* | | |
| | * | |
| **Defendants.** | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM OPINION

In the Court's previous Memorandum Opinion and Order dated Aug. 2, 2016, the Court

dismissed the claims of Plaintiff Donna M. Ward ("Plaintiff" or "Ms. Ward") against Defendants

U.S. Department of Commerce, Bureau of the Census ("Census"), Stephen Taylor and Claudette

Bennett in their official and personal capacities, and William Savino in his official capacity

(collectively, "Defendants").[1] Presently pending before the Court is Plaintiff's Motion for

Reconsideration of Dismissal and Denial of Leave to Amend, ECF No. 56. No hearing is

necessary. *See* Loc. R. 105.6. For the reasons stated herein, Plaintiff's Motion for

Reconsideration is denied.

### I.    BACKGROUND

This case arises out of Ms. Ward's removal from federal employment in February 2011.

*See* ECF No. 20 ¶ 11. Ms. Ward was employed as a Management Analyst at the Bureau of the

Census in Suitland, Maryland. ECF No. 20 ¶ 18; ECF No. 25-1 at 3. On February 7, 2011,

---

[1] Defendants Stephen Taylor, Claudette Bennett, and William Savino were, at relevant times, "Census employee[s] with the authority to threaten, propose, or approve personnel actions against Ward." ECF No. 20 at 5.

Stephen Taylor, "a Census employee with the authority to . . . approve personnel actions against Ward," issued a Notice of Removal to Plaintiff because "Taylor alleged that on 87 separate dates beginning on September 2009 thr[ough] October 2010, Ward failed to work her required 8-hour tour, despite receiving pay amounting to her hourly rate of basic pay multiplied by 8 hours." ECF No. 20 ¶ 5. Ms. Ward does not deny that she periodically left her work station, but maintains that she "relied on and benefitted from flexing her arrival and departure times and taking leave for less than a full workday" in order to care for her daughters with special needs, and claims that Defendants were merely "harassing" her. ECF No. 20 at 7, 9. Ms. Ward initiated an Equal Employment Opportunity ("EEO") charge on February 16, 2011. *Id.* ¶ 6. The Office of Civil Rights ("OCR") investigated the charge and found no violations of federal anti-discrimination laws. *Id.* ¶ 10. On March 8, 2013, Ms. Ward appealed the decision of OCR to the Merit System Protection Board ("MSPB"). *Id.* ¶ 14. A half-day hearing was held on October 29, 2013 before Administrative Judge Sarah P. Clement ("AJ Clement"). *Id.* AJ Clement issued an initial decision on September 5, 2014, upholding Ms. Ward's removal. *Id.*; Administrative Record ("AR") at AR-000009–000021. A three-member panel of the MSPB affirmed the decision in a final order on February 20, 2015. *Id.*; AR-000954-000962. Plaintiff filed a Complaint in this Court on March 20, 2015, ECF No. 1, and an Amended Complaint on November 25, 2015, ECF No. 20.

Plaintiff brought a total of four counts against Defendants. *See* ECF No. 20. In Count I, Plaintiff alleged Disability Harassment Based on Family Caregiving under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, based upon purported "unfavorable treatment" of Ms. Ward due to her need to care for two daughters with "special needs." *Id.* at 13–14. In Count II, Plaintiff alleged Violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*,

2

based upon retaliation or "reprisal for opposing disability discrimination, and for filing a charge of disability discrimination." *Id.* at 14–15. In Count III, Plaintiff alleged Violation of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1201 *et seq.*, based upon Defendants' "prohibited personnel practices," including "discriminat[ing] on the basis of handicapping condition," "consider[ing] any recommendation or statement . . . for any personnel action . . . [without having] personal knowledge," and "tak[ing] . . . [an adverse] personnel action . . . because of any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences any violation of any law, rule, or regulation."[2] *Id.* at 15–16. In Count IV, Plaintiff alleged violation of "Maryland common law" for "intentional or negligent reckless infliction of physical and emotional distress." *Id.* at 16. Defendant Census filed a Motion to Dismiss the Amended Complaint, or Alternatively, for Summary Judgment, ECF No. 25, and Defendants Taylor, Bennett, and Savino filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, ECF No. 44.

In its first Memorandum Opinion, the Court held that Count I was barred for failure to exhaust.[3] *See* ECF No. 54 at 3[4] ("To the extent that Plaintiff seeks to raise discrimination claims in addition to her claim of retaliation, such claims are subject to dismissal because Plaintiff failed to exhaust her administrative remedies by withdrawing those claims before the MSPB."). Count II was dismissed for failure to allege sufficient facts showing causality between "protected activity" and the "adverse employment action," and for failure to establish "that the employer's proffered explanation [for the adverse action] is pretext." *Id.* at 2–3. The "non-discrimination

---

[2] In the First Amended Complaint, ECF No. 20, Plaintiff cites to 5 U.S.C. § 2302(b)(1)(D), 5 U.S.C. § 2302(b)(2), and 5 U.S.C. § (b)(8)(A)(i) ("whistleblowing"), respectively.

[3] "Exhaustion" refers to the requirement of pursuing and "exhausting" administrative remedies before filing certain claims in federal court. *See Harris v. Evans*, 66 F'App'x 465, 466–67 (4th Cir. 2003); *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012).

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

claims" within Count III were dismissed for failure to show that the decision of the MSPB was arbitrary and capricious, and the "discrimination claims" within Count III were dismissed for failure to exhaust. *Id.* at 2. Finally, Count IV was dismissed because Plaintiff's common law tort claims were precluded by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1201, *et seq.*, which is the "exclusive remedy for federal employees seeking to challenge adverse employment actions taken against them." ECF No. 54 at 3. Thus, Defendants' Motions, ECF Nos. 25 and 44, were granted, and the action was dismissed with prejudice. Plaintiff now moves for reconsideration under Fed. R. Civ. P. 59(e). ECF No. 56.

## II.    STANDARD OF REVIEW

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). One purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, the Fourth Circuit recognizes only three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)). "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016)

4

(quoting *King v. McFadden*, No. 1:14-cv-00091-JMC, 2015 WL 4937292, at \*2 (D.S.C. August 18, 2015)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac Ins. Co.*, 148 F.3d at 403 (citation omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation omitted). "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment. *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.,* 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter,* 199 F.R.D. 550, 553 (D. Md. 2001)).

## III.   ANALYSIS

In her Motion for Reconsideration, Plaintiff does not allege any intervening changes in controlling law, nor does she contend that new evidence has come to light. Rather, Plaintiff contends that the Court "erred," because 1) "Plaintiff properly raised harassment and whistleblowing during the administrative proceeding," 2) "Defendants are not entitled to summary judgment on claim of retaliation for protected EEO activity," 3) the Court did not "subject[] plaintiff's factual assertions to trial de novo," 4) the Court "dismiss[ed] plaintiff's state tort claim against the individual capacity defendants," and 5) the Court "den[ied] Ward's motion for leave to file a second amended complaint." ECF No. 56. The Court will address these contentions, in turn.

5

## A. Exhaustion

Plaintiff argues that, contrary to the Court's finding that she "withdrew" her claims of discrimination before the MSPB, she in fact "raised the issue of prohibited discrimination and whistleblowing." ECF No. 56 at 3. Upon closer review, however, Plaintiff seems to merely disagree with the Court's analysis of the Administrative Judge's prehearing conference, held on September 24, 2013. At this prehearing conference, AJ Clement held:

> The claim of EEO retaliation is the only affirmative defense the appellant is raising, despite language in her previous submissions, including her prehearing submission, that appears to suggest she was also raising claims of whistleblowing and discrimination. When pressed for details, however, the appellant's representative abandoned these suggested claims and stated that the only affirmative defense she was raising was the claim of EEO retaliation.

AR-000053. Although Plaintiff sought to add additional information and affirmative defenses "sixteen days after the deadline" to "file any corrections or objections to the summary," AJ Clement found that plaintiff had not demonstrated a showing of good cause as required by 5 C.F.R. § 1201.24.[5] AR-000034 (AJ Clement noted that "[h]er submission is not only untimely filed . . . [but] it attempts to raise new issues long after the deadlines for discovery and prehearing submissions have passed."). Thus, AJ Clement did not allow Plaintiff to add additional information or affirmative defenses. *Id.* Such a decision was within the discretion of the AJ, and the Court had no basis to overturn it. *See Varnado v. Merit Sys. Prot. Bd.*, 603 F. App'x 963, 967 (Fed. Cir. 2015) ("[determining] [g]ood cause is broadly 'committed to the Board's discretion'"). Thus, Plaintiff's "discrimination claims," as set forth in Counts I and III,

---

[5] 5 C.F.R. § 1201.24(b), which governs "content of an appeal" before the MSPB, provides in full: "An appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown. However, a claim or defense not included in the appeal may be excluded if a party shows that including it would result in undue prejudice."

were deemed withdrawn or abandoned. Accordingly, this Court dismissed those claims based on Plaintiff's failure to exhaust her administrative remedies. The Court sees no reason to reconsider this holding.

Further, Plaintiff seems to misunderstand the Court's ruling on this point or conflate her own claims, as she also states in her Motion to Reconsider that "Ward raised her claims of retaliatory harassment and whistleblowing." ECF No. 56 at 4. To be clear, the Court held that Plaintiff had not exhausted her administrative remedies related to her claims of discrimination based on Ms. Ward's association to her daughters with special needs. But the Court also held that Plaintiff had exhausted her administrative remedies related to her claims of retaliation. The Court nonetheless dismissed Ms. Ward's retaliation claims because she failed to state sufficient facts or create a genuine issue for trial regarding the causal connection between the adverse action and her protected conduct, or establishing that the employer's stated motive was a pretext. ECF No. 54 at 3 ("[Plaintiff] received a notice of proposed removal one week *before* she complained of discrimination"); *see Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) ("[T]he plaintiff bears the burden of establishing that the employer's proffered explanation [for the adverse action] is pretext.").

### B. Retaliation Claim

Plaintiff contends that Defendants were not entitled to summary judgment on the claim of retaliation because they had "the burden of proving a legitimate reason for the adverse action." ECF No. 56 at 6. Once again, Plaintiff appears to merely disagree with the Court's finding that "Plaintiff has failed to establish a genuine issue of material fact with respect to this claim." ECF No. 54 at 2–3. Notwithstanding the fact that Plaintiff received the Notice of Removal before she filed an EEO charge, it is undisputed that Plaintiff failed to properly request or take leave for her

absences from work, yet continued to collect full pay. In fact, the crux of what Plaintiff has asserted in this respect is that she was subjected to "unreasonable and unwelcome scrutiny of [her] whereabouts," ECF No. 20 at 10, and that "Defendant cannot prove by preponderant evidence that [Plaintiff] engaged in the misconduct as specifically alleged." ECF No. 30 at 4–5. Accordingly, the Court found that Plaintiff had not "pointed to any evidence that would create a genuine dispute with respect to whether stated reasons for her termination were mere pretext for retaliation." ECF No. 54 at 3 (citing *Hoyle*, 650 F.3d at 337). The Court sees no basis to reconsider this ruling.

### C. Review of MSPB Decision

Next, Plaintiff argues that the Court erred in reviewing her "non-discrimination claims" under "an arbitrary and capricious standard." ECF No. 56 at 7. Specifically, Plaintiff takes issue with the Court's conclusion that Ward "failed to satisfy her burden of demonstrating that the MSPB's decision sustaining her removal was arbitrary or capricious, procedurally improper, or lacked substantial evidence." ECF No. 54 at 2. Plaintiff claims that these issues were never put before the Court and that "none of the factual assertions contained in Ward's First Amended Complaint are directed at the MSPB's final decision." ECF No. 56 at 8. But the First Amended Complaint itself belies this argument. In the very first paragraph, Plaintiff alleged that: "the central issue presented by the civil action is whether the plaintiff's discharge from the civil service was for actionable conduct, nondiscriminatory, and otherwise legal; or, alternatively, whether the Census, through the acts and omissions alleged in this Complaint, arbitrarily, capriciously, or otherwise unlawfully deprived the plaintiff of her federal employment and associated benefits." ECF No. 20 ¶ 1 (emphasis added). Thus, as seemingly contemplated by the First Amended Complaint, this Court reviewed the MSPB's final decision regarding Plaintiff's

8

removal by Census under an "arbitrary and capricious" standard, *see Twyman v. Berry,* 447

F.App'x 482, 484 (4th Cir. 2011) ("Our appellate review is limited to whether the [MSRB's]

decision constitutes an abuse of discretion, is arbitrary and capricious or otherwise not in

accordance of law, or is unsupported by substantial evidence.") (internal citation omitted), while

also reviewing her discrimination claim *de novo*. ECF No. 54 at 2 ("With respect to Plaintiff's

claims of discrimination under the Rehabilitation Act, the Court must review those claims *de

novo*."). Thus, the Court finds no basis upon which to reconsider its holding.

### D.  State Tort Claims Against Individual Defendants

Plaintiff next challenges the Court's conclusion that her common law state tort claims are

precluded by the CSRA, which, the Court noted, only permits suit against the agency responsible

for the action. ECF No. 54 at 4. Specifically, Plaintiff argues that "the court erred in dismissing

plaintiff's state tort claim against the individual capacity defendants," because "Defendant

Taylor and Defendant Bennett's tortious acts that caused actionable mental anguish *did not* fall

within the scope of their official duties." ECF No. 56 at 11 (emphasis in original). However,

Plaintiff neither alleges any facts, nor does the record in any way indicate that Defendants Taylor

and Bennett's actions toward Plaintiff did not fall within the scope of their official duties. In fact,

Plaintiff's Complaint describes Defendants Taylor and Bennett only as "Census employee[s]

with the authority to threaten, propose, or approve personnel actions against Ward." ECF No. 20

at 5. Thus, the Court held that Plaintiff's state tort claims for intentional or negligent infliction of

emotional distress against the individual Defendants for actions taken within the scope of their

duties were properly pre-empted by the CSRA. The Court sees nothing warranting

reconsideration of this decision.

9

### E. Denial of Leave to Amend

Finally, Plaintiff argues that the Court erred by denying her motion for leave to file a Second Amended Complaint. In its earlier Memorandum Opinion, the Court reviewed the Proposed Second Amended Complaint, and held that "[t]he allegations added in Plaintiff's Proposed Second Amended Complaint do not substantively differ from those previously alleged, and accordingly, would not save Plaintiff's claim from dismissal." A motion for leave to amend should be denied where, as here, an amendment would be futile. *See Black & Decker, Inc. v. Greenfield Indus., Inc.*, No. CIV A. HAR 90-3272, 1991 WL 239121, at *1 (D. Md. Nov. 4, 1991) ("An amendment is considered futile if it could not survive a motion to dismiss or a motion for summary judgment"). No clear error of law exists here.

### IV.   CONCLUSION

To conclude, Plaintiff "has not met the high bar she faces to succeed on her Motion for Reconsideration." *Letke v. Wells Fargo Home Mortg.*, RDB-12-3799, 2014 WL 1236777, at *3 (D. Md. Mar. 25, 2014). She has not "identif[ied] an intervening change in controlling law," nor brought "new evidence, previously unavailable, to light." *Id.* Upon review of Plaintiff's arguments, "there is no indication whatsoever that there has been a clear error of law or manifest injustice committed." *Id.* "Relief [under Rule 59(e)] is not appropriate for a party who simply disagrees with a court's ruling, the proper venue for that party is with the United States Court of Appeals for the Fourth Circuit." *Gilliland v. Koch Trucking, Inc.*, Civil No. JFM 11-3073, 2015 WL 2395148, at *2 (D. Md. May 19, 2015) (citing *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 322 (D. Md. 2014)) (internal citations omitted). For the foregoing reasons,

Plaintiff's Motion for Reconsideration, ECF No. 56, is denied. A separate Order shall issue.


Date: <u>January   , 2017</u>

                                        George J. Hazel
                                        United States District Judge

11